UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYLES ALEXANDER #862651,                     No. 14-14629

v.                                           District Judge George Caram Steeh
                                             Magistrate Judge R. Steven Whalen

RANDALL HAAS, ET AL.,

                    Defendants.
_____ /

**REPORT AND RECOMMENDATION**

On December 8, 2014, Plaintiff Myles Alexander, a prison inmate in the custody

of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint

under 42 U.S.C. § 1983. Before the Court is Defendants James Roth, Fredeane Artis, and

Jeremy Howard's motion for summary judgment [Doc. #11], which has been referred for

a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). Mr. Alexander has not

filed a response to the motion.

Because Mr. Alexander failed to exhaust his administrative remedies before filing

suit, I recommend that the motion be GRANTED, and that the complaint against these

Defendants be DISMISSED WITHOUT PREJUDICE.

**I.   FACTS**

In his complaint, Mr. Alexander raises three causes of action, which he labels as

fraud, negligent misrepresentation, and breach of fiduciary duty.  His claims are based an

-1-

allegation that these Defendants lied on a misconduct report, resulting in his placement in administrative segregation. The charge arose from an incident in which a female located outside the prison threw a football over a fence and into the prison yard. This was no ordinary football: it contained three cell phones, tobacco, marijuana, and a white substance believed to be heroin.  The misconduct report states that Mr. Alexander admitted that he arranged to have contraband smuggled into the prison. Mr. Alexander now claims that Defendants Howard and Roth lied, and that he had nothing to do with the football or the contraband.

The Defendants seek dismissal based on Mr. Alexander's failure to exhaust his administrative remedies before filing suit. Attached to their motion as Exhibit B is an MDOC Step III Grievance Report, showing that Mr. Alexander did not file any Step III grievances during the time period encompassed in his complaint.

## II.   STANDARD OF REVIEW

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825,

149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387,165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385.   Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock,*  549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Under *Jones*, it is Defendants' burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008)*. Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

Under the PLRA, a dismissal for failure to exhaust nonjudicial remedies is without prejudice. *Boyd v. Corrections Corp. of America,* 380 F.3d 989, 994 (6th Cir.2006) (citing *Knuckles El v. Toombs,* 215 F.3d 640 (6th Cir.2000)); *McCloy v. Correctional Medical Services*, 794 F.Supp.2d 743, 751 (E.D.Mich. 2011). As I noted in *Twohig v. Riley*, 2013 WL 3773365, *3-4, there has been a divergence of views concerning whether a motion to dismiss under 42 U.S.C. § 1997e(a) is properly characterized as a summary judgment motion, a Rule 12(b)(6) motion, or an unenumerated Rule 12(b) motion. In *Twohig*, I

chose the latter as  "the more sound approach, particularly given the uncertainty as to whether a dismissal based purely on exhaustion constitutes a "strike" under the PLRA...." *See also McCormick v. Corizon Health, Inc.*, 2014 WL 897371, *2 -3 (E.D.Mich. 2014). I shall proceed likewise in the present case.

### III.    DISCUSSION

MDOC Policy Directive (PD) 03.02.130 provides prison inmates a detailed procedure for bringing forward complaints.[1]  This grievance procedure consists of four acts an inmate must undertake prior to seeking judicial review, each with specific time limits.  First, within two business days after becoming aware of a grievable issue, the inmate must attempt to verbally resolve the dispute with those involved.  If such an attempt is not possible, or if it is unsuccessful, the inmate must then file a Step I grievance form within five days.  The prison staff is required to respond in writing within 15 days, unless an extension is granted by the grievant.  If the inmate is not satisfied with the response, he must request a Step II appeal form and file it within ten days after receiving the Step I response.

If the inmate is dissatisfied with the result at Step II, he or she has ten business days to appeal to Step III.  The Step III appeal is handled by the MDOC Director or his designee at the Prisoner Affairs Section, Office of Program Services, in Lansing, Michigan.  The Step III response concludes the standard administrative process.

---

[1] PD 03.02.130 is reproduced in Exhibit A to Defendants' Motion.

The Defendants have shown, through the attached Grievance Report, that Mr. Alexander did not file any Step III grievances during the relevant time period, and has therefore not "properly exhausted" his claims against these Defendants. *Woodford v. Ngo, supra.* I also note that although I granted Mr. Alexander a generous extension of time to file his response to Defendants' motion, *see* Doc. #19, he has not done so.  The Defendants have therefore carried their burden of showing that Mr. Alexander did not complete the MDOC's administrative grievance procedure prior to filing his complaint. Because proper exhaustion is mandatory under 28 U.S.C. § 1997(e)(a), the complaint must be dismissed without prejudice. *Porter v. Nussle, supra*; *Boyd v. Corrections Corp., supra*.

## IV.    CONCLUSION

Accordingly, I recommend that Defendants' Motion for Summary Judgment [Doc. #11] be construed as an unenumerated Rule 12(b) motion to dismiss, that it be GRANTED, and that the Complaint be DISMISSED WITHOUT PREJUDICE.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise

-5-

others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 20, 2015

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 20, 2016, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen

-6-