UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYLES ALEXANDER #862651,                        No. 14-14629

v.                                              District Judge George Caram Steeh
                                                Magistrate Judge R. Steven Whalen

RANDALL HAAS, ET AL.,

                Defendants.
_____ /

**REPORT AND RECOMMENDATION**

On December 8, 2014, Plaintiff Myles Alexander, a prison inmate in the custody

of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint

under 42 U.S.C. § 1983. Before the Court are two motions to dismiss, or in the alternative

for summary judgment, filed by Defendants Cascelia Brown-Brandon ("Brandon") and

Michael J. Marutiak ("Marutiak")[Doc. #35], and Randall Haas ("Haas")[Doc. #38],

respectively. The two motions have been referred for a Report and Recommendation

under 28 U.S.C. § 636(b)(1)(B). I recommend that both motions be GRANTED, and  that

the complaint be DISMISSED WITH PREJUDICE as to these Defendants.

## I.    FACTS

At the time of the events giving rise to Plaintiff's claims, he was incarcerated at

the G. Robert Cotton Correctional Facility in Jackson, Michigan. Defendant Haas was the

Warden of the Cotton Facility, Defendant Marutiak was an Administrative Hearings

-1-

Officer, and Defendant Brown-Brandon was a Deputy Warden.  Plaintiff alleges that Haas and Brandon were members of the prison's Security Classification Committee.

In his complaint, Mr. Alexander raises three causes of action, which he labels as fraud (Count I), negligent misrepresentation (Count II), and breach of fiduciary duty (Count III).  His claims are based an allegation that Defendants Roth and Howard lied on a misconduct report, resulting in his placement in administrative segregation. The charge arose from an incident in which a female located outside the prison threw a football over a fence and into the prison yard. This was no ordinary football: it contained three cell phones, tobacco, marijuana, and a white substance believed to be heroin.  The misconduct report states that Mr. Alexander admitted that he arranged to have contraband smuggled into the prison. Mr. Alexander now claims that Defendants Howard and Roth lied, and that he had nothing to do with the football or the contraband.

Plaintiff alleges that Howard and Roth lied about Plaintiff's involvement in the football incident with the intent to induce Haas, Brandon, and Martuiak to pursue disciplinary action against him. *Complaint* [Doc. #1], ¶ 14. He states that at the time Howard and Roth made their false representations, Haas, Brandon, and Martuiak "believed them to be true and had no reasons to believe that said representations were untrue." *Id*. ¶ 15. He states that "[h]ad they known the true facts they would not have taken such action" (i.e., placing him in administrative segregation). *Id*.

In Count II of his complaint (negligent misrepresentation), Plaintiff alleges that Howard and Roth did not have sufficient information to make their allegations of misconduct, and that they "concealed from the remaining defendants their lack of information and data that prevented them from making a true evaluation of the facts." *Id*. ¶ 17.  Plaintiff states that Defendants Haas, Brandon, and Martuiak "justifiably relied on said representations." *Id*. ¶ 18. He reiterates that Haas, Brandon, and Martuiak believed Howard's and Roth's misrepresentations to be true, and had no reason to believe otherwise. He states that Haas, Brandon, and Martuiak relied on these false representations in placing him in administrative segregation, and that they would not have taken that action had they known the true facts. *Id*. ¶ 19.

The present Defendants move for dismissal based on failure to exhaust administrative remedies, failure to state a constitutional claim, and qualified immunity.

## II.   STANDARD OF REVIEW

### A.   Rule 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]'–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

## B.   Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate.  *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the

record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

## III. DISCUSSION

The Defendants have raised a number of grounds in support of their request to dismiss Plaintiff's complaint, but perhaps the most obvious ground is qualified immunity. Stated plainly, Plaintiff does not allege that Defendant Haas, Brandon, and Martuiak did anything wrong, much less unreasonable.

Qualified immunity is an affirmative defense. A state official is protected by qualified immunity unless the Plaintiff shows (1) that the Defendant violated a constitutional right, and (2) the right was clearly established to the extent that a reasonable person in the Defendant's position would know that the conduct complained of was unlawful. *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). The Sixth Circuit has refined the issue to include an inquiry as to whether the defendant's

-6-

actions were objectively unreasonable in the light of clearly established constitutional rights. *Higgason v. Stephens*, 288 F.3d 868, 876-77 (6ᵗʰ Cir. 2002).  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Foy v. City of Berea*, 58 F.3d 227, 232 (6th Cir.1995) (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986)). Under  *Saucier*, the inquiry was sequential, requiring the district court to first consider whether there was a constitutional violation.  However, in *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009), the Supreme Court held that the two-step sequential analysis set forth in *Saucier*  is no longer mandatory.   Rather, *Pearson* commended the order of inquiry to the judge's discretion, to be exercised on a case-by-case basis.

Set aside the questions of whether three state-law claims are properly brought under 42 U.S.C. § 1983, whether the Warden and Assistant Warden have any supervisory liability, or whether placement in administrative segregation can form the basis of an actionable constitutional claim. In fact, assume that Plaintiff has stated a claim against Howard and Roth. What did Haas, Brandon, and Martuiak do wrong? According to Plaintiff's own complaint, they had no reason to doubt the accuracy of the allegations, and they were merely dupes of Howard's and Roth's mendacity. He states that these Defendants "justifiably relied on" the false statements. *Complaint*, ¶ 18.  By Plaintiff's own admission, these Defendants did not knowingly violate any clearly established right, nor did they act unreasonably–either objectively or subjectively–under the circumstances.

-7-

As such, they are protected by qualified immunity, and the complaint against them must be dismissed.

To the extent that these Defendants are named in their official capacities, they are also entitled to immunity under the Eleventh Amendment. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

Because the complaint is dismissible on the merits, for failure to state a claim on which relief may be granted, it is not necessary to determine whether the claims were properly exhausted. 42 U.S.C. § 1997e(c)(2).

## IV.    CONCLUSION

For these reasons, I recommend that the motions to dismiss filed by Defendants Cascelia Brown-Brandon and Michael J. Marutiak [Doc. #35] and  Randall Haas [Doc. #38] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE as to these Defendants.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this

-8-

Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: August 11, 2016

CERTIFICATE OF SERVICE

I hereby certify on August 11, 2016 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants August 11, 2016.

s/Carolyn M. Ciesla
Case Manager for the
Honorable R. Steven Whalen